IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**JAMES EVERETTE CARTER,**

    **Plaintiff,**

vs.                                                                 Case No. 5:05cv172-RH/WCS

**JAMES V. CROSBY, et al.,**

    **Defendants.**

    _____/


**REPORT AND RECOMMENDATION**

    Review of Plaintiff's motion for temporary restraining order and/or preliminary injunction, doc. 3, had been delayed until the *pro se* Plaintiff submitted an amended complaint which properly indicated all prior cases he had filed. *See* doc. 27. Plaintiff has filed the amended complaint, doc. 26, and in a separate order entered this day, the deficiencies with that pleading were explained to Plaintiff and he has been directed to file a second amended complaint.

    In his pending motion, doc. 3, Plaintiff seeks an order directing the Secretary of the Department of Corrections to have Plaintiff transferred to a prison facility out of Region I, and specifically, out of Washington Correctional Institution. *Id.* Plaintiff requests that he either be removed from general population at Washington C.I. and put in protective custody, or be moved to another institution where he could remain in

general population.  *Id.*  Plaintiff states that he is under "imminent danger" at Washington Correctional Institution from five named Defendants because he has filed "numerous grievances and fear[s] reprisal and retaliation . . . ."  *Id.*

The Department of Corrections website indicates, as of this date, that Plaintiff remains housed at Washington Correctional Institution, his custody status is "close," and his classification status is listed as "pending prot. eval."  *See* www.dc.state.fl.us. Plaintiff is currently serving a thirty year sentence and is not due to be released for many years.

While the Court is not unconcerned about Plaintiff's safety, there are insufficient allegations within the motion to justify granting Plaintiff the relief sought.  Moreover, granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).  To guide in this discretion, the Court must find that a plaintiff has established:

   (1) a substantial likelihood of success on the merits;

   (2) a substantial threat of irreparable injury if the injunction were not granted;

   (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant;  and

   (4) that granting the injunction would not disserve the public interest.

Carillon Importers, Ltd., 112 F.3d at 1126; Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994); United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four

Case No. 5:05cv172-RH/WCS

prerequisites, which is always upon the plaintiff.  Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Because Plaintiff has been directed to file a second amended complaint, Plaintiff has not shown that he faces a "substantial likelihood of success on the merits."  Furthermore, the insufficient allegations within the motion mean that Plaintiff also has failed to demonstrate a "substantial threat of irreparable injury if the injunction were not granted."  Failing to meet all four prerequisites requires the denial of Plaintiff's motion.

Nevertheless, as Plaintiff indicates his fear for his personal safety, by separate order, the Clerk will be directed to send a copy of Plaintiff's motion to the Office of the Inspector General.  The document should be forwarded merely to alert prison officials to Plaintiff's concern and does not require any specific action.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order and/or preliminary injunction, doc. 3, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 17, 2005.


   s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.